**IN THE UNITED STATES DISTRICT COURT**
**FORTHE NORTHERN DISTRICT OF WEST VIRGINIA**
Elkins

**TIMOTHY JUSTON WIMER,**

    Petitioner,

v.                                           Crim. Action No.     2:19-CR-22-1
                                                Civil Action No.       2:22-CV-20

**USA,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On December 9, 2022, Timothy Juston Wimer ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 2:22-CV-20 Doc. 1; Criminal Action Number 2:19-CR-22-1 Doc. 151].[1]  On December 14, 2022, the Court directed the respondent to file an answer. [Doc. 154]. Respondent filed an Answer on February 10, 2023, in which it argues the petition should be denied. [Doc. 156]. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

### II.    PROCEDURAL HISTORY

**A. Conviction and Sentence**

On August 20, 2019, petitioner was charged via Indictment with: Count One, possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

1

841(b)(1)(C); Counts Two and Five, each for possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Counts Three and Four, each for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Six, possession with intent to distribute buprenorphine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Seven, unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Count Eight, possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c)(1)(A).  On November 19, 2019, petitioner appeared before the undersigned for a plea hearing at which he pleaded guilty to Counts One and Eight of the Indictment, pursuant to a plea agreement.  On August 14, 2020, petitioner was sentenced to a total term of 106 months imprisonment.

**B. Appeal**

On appeal, petitioner challenged the district court's denial of two motions to suppress evidence seized in home and vehicle searches, arguing that the probation officer lacked reasonable suspicion for the searches, that police lacked reasonable suspicion to initiate a traffic stop, and that police lacked probable cause to search his vehicle.  On December 16, 2021, the Fourth Circuit affirmed petitioner's conviction.

**C. Federal Habeas Corpus**

On December 9, 2022, petitioner filed the instant petition.[2]  His petition raises a single ground for relief: he alleges that he received ineffective assistance of counsel

---

[2] The undersigned notes that petitioner had entered an earlier Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 104] on February 14, 2020.  As petitioner had not yet been sentenced at the time this Motion was filed, it was denied as improperly filed.

because his counsel failed to disclose the existence of an earlier plea agreement. [Doc. 151 at 4]. In support, petitioner attaches a copy of the earlier proposed plea agreement [Doc. 151-1 at 4–10] as well as what appears to be a memorandum summarizing petitioner's potential sentencing exposure [Id. at 1–3]. Further, petitioner included a memorandum in support in which he argues that counsel was ineffective; although the memorandum argues that counsel had a duty to communicate the offer with petitioner, he appears to also argue that counsel's deficient advice caused him to reject the earlier offer. [Doc. 151-2 at 3].

On February 10, 2023, respondent filed an Answer, arguing that the petition should be dismissed. In it, counsel for the United States "reports that there was no such plea offer." [Doc. 156 at 2].

### III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" **Id**. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." **Id**. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set

aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

The only ground raised in the petition asserts that petitioner received ineffective assistance of counsel. Criminal defendants have a Sixth Amendment right to effective legal assistance. **Strickland v. Washington**, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance. **Strickland**, 466 U.S. at 669.

When considering the reasonableness prong of **Strickland**, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also* **Gray v. Branker**, 529 F.3d 220, 228–29 (4th Cir. 2008). This first prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" **Lewis v. Wheeler**, 609 F.3d 291, 301 (4th Cir. 2010) (quoting **Strickland**, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." **Strickland**, 466 U.S. at

4

689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.  When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced."  *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir.1991).

To satisfy the prejudice prong of ***Strickland***, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different.  *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  This second prong requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial.  *Strickland*, 466 U.S. at 687.  If it is clear the petitioner has failed to satisfy either prong of the ***Strickland*** standard, a court need not inquire into whether he satisfied the other.

Here, petitioner alleges that he received ineffective assistance of counsel because his counsel failed to disclose the existence of a more favorable plea agreement. [Doc. 151 at 4].  "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  ***Missouri v. Frye***, 566 U.S. 134, 145 (2012).  To show ineffective assistance of counsel where a plea offer lapsed due to counsel's deficient performance, petitioner must still demonstrate prejudice.  *Id*. at 147.  However, petitioner's claim that counsel did not inform him of the earlier plea agreement is contradicted by his own statement in his plea hearing.

5

On November 19, 2019, petitioner appeared before the undersigned for a plea hearing. *See* [Doc. 98]. At that time, the undersigned discussed the plea agreement and earlier plea negotiations with both counsel and petitioner:

> THE COURT:
> …
> So first of all, Mr. Warner, is what Mr. Wimer has before him the plea agreement dated November 13th, 2019, that was signed by you and Ms. Gross on November 14th, 2019, and then, because we don't have the original of that, they put their original signatures on it today, is that the sole agreement or offer made to Mr. Wimer in this matter?
>
> MR. WARNER: No, sir. There were at least two offers made additionally. There was one offer made before indictment, and there is at least one other offer made after indictment but prior to this plea offer.
>
> THE COURT: Okay. Is that correct, Ms. Gross?
>
> MS. GROSS: Yes. We had multiple plea negotiations.
>
> THE COURT: Okay. Were they all oral negotiations?
>
> MS. GROSS: No. Those are just the paper ones he's talking about, but – we've had multiple discussions.
>
> THE COURT: So Ms. Gross, did you discuss all of those offers made -- plea offers made by the government with your client?
>
> MS. GROSS: Yes.
>
> THE COURT: Is that correct, Mr. Wimer?
>
> THE DEFENDANT: Yes, sir.

[Doc. 157 at 15]. The plea agreement submitted with the petition at [Doc. 151-1 at 4] is dated April 12, 2019, and thus appears to be the above-referenced offer made before the indictment. As set forth above, at the time of entering his plea, petitioner heard about this plea offer and told the Court that he had discussed all of the offers with counsel. Thus, to the extent petitioner asserts a claim of ineffective assistance based on counsel's failure

to inform him of the plea offer, his claim is contradicted by his own statement in the record and should be dismissed.

However, in an attached memorandum, petitioner instead characterizes his argument as instead that "Mr. Wimer claims that his counsel's deficient advice caused him to reject a favorable plea deal, violating the Sixth Amendment." [Doc. 151-2 at 3]. Petitioner does not elaborate on how or why counsel's performance was deficient in causing him to reject the offer, nor does he attempt to demonstrate prejudice. Further, upon review of the rejected plea agreement submitted by petitioner and the plea agreement he entered into, the undersigned finds that petitioner is unable to show either that counsel's advice fell below an objective standard of reasonableness or that he was prejudiced by rejecting this proposed plea agreement.

Comparing the two plea agreements, it appears the pre-indictment plea agreement was *less* favorable than the one petitioner ultimately entered. First, and most significantly, unlike the rejected pre-indictment agreement, the plea agreement petitioner entered into was a conditional plea agreement which reserved petitioner's right to appeal an adverse determination on two motions to suppress physical evidence. [Doc. 100 at 1]. Second, the rejected plea agreement included a waiver of his right to appeal his conviction on any ground or to challenge the conviction or sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, other than an appeal or collateral attack based on ineffective assistance of counsel or prosecutorial misconduct. [Doc. 151-1 at 7–8]. This waiver is absent from the plea agreement petitioner entered, other than a waiver of appeal or habeas corpus challenging forfeiture. *See* [Doc. 100 at 2]. Third, petitioner faced a higher potential sentence under the rejected pre-indictment offer.

7

Under that agreement, petitioner would have pleaded guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), exposing him to a maximum penalty of twenty years imprisonment, and unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), exposing him to a maximum penalty of ten years imprisonment. [Doc. 151-1 at 4–5]. Under the plea agreement petitioner entered, the possession with intent to distribute charge remained the same, but instead of 21 U.S.C. §§ 922(g)(1) and 924(a)(2), petitioner instead pleaded guilty to possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c)(1)(A), which carried a maximum sentence of five, rather than ten, years. [Doc. 100 at 1–2]. Accordingly, the undersigned finds that petitioner is unable to show that he was prejudiced by not entering into the pre-indictment agreement.

Finally, based on these differences in the agreements, the undersigned also finds that to the extent his argument is based on counsel advising him to reject the pre-indictment offer, petitioner cannot meet the performance prong of **Strickland**. At a minimum, advising petitioner to reject the pre-indictment agreement was a strategic decision and there were clear potential benefits to be gained from further plea negotiations. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable*." **Strickland**, 466 U.S. at 690–91 (1984) (emphasis added). "This Court's review does not include second-guessing the trial strategies of defense counsel unless it is so deficient that it rendered 'the result of the trial unreliable or proceedings fundamentally unfair.'" **Irons v. United States**, No. 2:12-CR-16, 2017 WL 1712523, at *3 (N.D. W.Va. May 2, 2017) (Bailey, J.) (citing **Lockhart v. Fretwell**, 506 U.S. 364, 372 (1993)).

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 2:22-CV-20 Doc. 1; Criminal Action Number 2:19-CR-22-1 Doc. 151**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  September 20, 2023.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE